1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2    Including Professional Corporations
   GREGORY F. HURLEY, Cal. Bar No. 126791
3  ghurley@sheppardmullin.com
   BRADLEY J. LEIMKUHLER, Cal. Bar No. 261024
4  bleimkuhler@sheppardmullin.com
   650 Town Center Drive, 10th Floor
5  Costa Mesa, California 92626-1993
   Telephone: 714.513.5100
6  Facsimile: 714.513.5130

7  Attorneys for Defendant,
   GREATCOLLECTIONS.COM, LLC
8

9               UNITED STATES DISTRICT COURT

10          CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

11

| 12 | ABELARDO MARTINEZ, JR., an individual, | Case No. 8:19-cv-01647-JLS-KES |
|---|---|---|
| 13 | Plaintiff, | **RESPONSE TO ORDER TO SHOW CAUSE RE: REMAND** |
| 14 | v. | |
| 15 | GREATCOLLECTIONS.COM, LLC., a California limited liability company; and DOES 1-10, inclusive, | |
| 16 | Defendants. | Action Filed: July 26, 2019<br>Removed: August 26, 2019<br>Trial Date: None Set |

Defendant Greatcollections.com, LLC ("Defendant") submits its response to this Court's order dated September 5, 2019 to show cause as to why this case should not be remanded to the Superior Court of California, County of Orange.

## I. INTRODUCTION

Plaintiff Abelardo Martinez, Jr. ("Plaintiff") and his counsel have filed dozens of identical lawsuits in this Court and in California state court alleging that a myriad of businesses have websites that are inaccessible to blind and/or visually impaired persons in violation of the Americans with Disabilities Act ("ADA") and California's Unruh Act ("Unruh Act"). In all of these cases, as soon as Plaintiff believes he is firmly in California state court, Plaintiff abandons any theory of liability that is not exclusively premised upon the ADA. This case is no different.

In this case, Defendant will agree to stipulate to remand this case if Plaintiff stipulates that he is not claiming or seeking any relief for violations of the ADA.

This Court has federal question jurisdiction over Plaintiffs' claims in this lawsuit. Plaintiff will likely argue that this Court lacks federal question jurisdiction over his Unruh Act claim under *Wander v. Kaus*, 304 F.3d 856 (9th Cir. 2002). Plaintiff is wrong. As explained below, District Courts have distinguished Wander and held that there is federal question jurisdiction when, as here, Plaintiff seeks injunctive relief and their Unruh Act claim is based solely on ADA violations. Therefore, the Court should retain jurisdiction over this matter and decline to remand the action back to the Superior Court.

## II. FACTUAL BACKGROUND

### A. Plaintiff's Allegations

Plaintiff and his counsel specialize in bringing these form nuisance lawsuits claiming that a defendant business' website is not accessible to the blind and/or visually impaired. What constitutes a legally accessible website is unknown because there are no official standards that a private website must meet.

As in all of his lawsuits, Plaintiff make vague unspecific allegations that Defendant's website, http://www.greatcollections.com/us/, contains things like "empty and redundant links" and "empty or missing form labels." (Dkt. 1-1 at ¶ 18). Plaintiff similarly does not explain how these alleged issues may have impeded his access to any brick and mortar location and/or denied them access to Defendant's services.

### III.  THIS CASE PRESENTS A FEDERAL QUESTION

#### A.  The Interplay Between the ADA and the Unruh Act.

When it enacted Title III of the ADA, Congress explicitly provided private plaintiffs with a right of action to enforce the ADA as to barriers to access in places of public accommodation.  *See* 42 U.S.C. § 12188.  In doing so, Congress granted federal district courts the power to order injunctive relief in order to enforce the barrier removal provisions of the ADA.  *Id*.  As recognized by the Ninth Circuit, private enforcement through litigation is one of the primary methods to effectuate compliance with the ADA and provide greater accessibility to disabled persons. *See, e.g., Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008).  Under the ADA, the only remedy available to private plaintiffs is injunctive relief.  *See, e.g., Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002); 42 U.S.C. § 12188.

Following the ADA's enactment, lawmakers in the state of California decided to modify California's Unruh Act to incorporate the ADA.  *See Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 668-669 (2009).  As a result, in California, a violation of the ADA may also constitute  grounds for a violation of the Unruh Act.  Similarly, courts have held that a violation of the ADA also constitutes grounds for a violation of the California Disabled Persons Act ("DPA").  The ADA has specific accessibility guidelines for physical structures such as buildings which are contained in the 1991 ADA Standards and the 2010 ADA Standards.  Similarly, the Unruh Act and the DPA have specific accessibility standards for physical structures which are contained in the California Building Code ("CBC").  These accessibility standards

under federal and state law largely overlap, but California has some independent standards. Thus, in general, a plaintiff seeking to prove a violation of the Unruh Act or DPA could rely upon a violation of the 1991 or 2010 ADA Standards or upon a violation of a standard in the CBC which may or may not be identical to its federal counterpart.

In California, violations of these state-law statutes not only entitle successful private plaintiffs to injunctive relief, but also statutory damages (assuming they can show the additional state-law elements required for the awarding of damages).

As explained below, whether or not a district court has federal question jurisdiction in a case alleging a violation of the Unruh Act depends on whether the plaintiff is seeking injunctive relief or statutory damages and whether his Unruh Act claim is premised upon violations of federal or state accessibility standards.

### B. Plaintiffs Cannot Purposely Evade Federal Question Jurisdiction.

A federal court has jurisdiction on the basis of a federal question only where the "well-pleaded complaint establishes . . . that federal law creates the cause of action" or where "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13, 27-28 (1983).

Plaintiffs contend that they can purposefully evade federal jurisdiction by alleging only a violation of the Unruh Act even though it is premised on a violation of the ADA, citing *Wander v. Kaus*, 304 F.3d 856 (9th 2002). Plaintiff is wrong. In *Wander*, the Ninth Circuit merely stated that there was no federal-question jurisdiction over a claim under the DPA for **statutory damages <u>after the ADA claim for injunctive relief had been dismissed as moot</u>**. As explained below, courts have recognized that *Wander* does not apply to cases, such as the one here, where the plaintiff seeks injunctive relief based upon violations of the ADA.

The following cases are illustrative. In *Fontano v. Little Caesar Enterprises, Inc.*, 2010 WL 4607021 (C.D. Cal. Nov. 3, 2010), the court denied plaintiff's request for attorneys' fees and costs in support of his motion to remand (which defendant did not oppose). Similar to the facts of this case, plaintiff asserted a cause of action under the Unruh Act and sought injunctive relief and damages. *Id*. at *1. Plaintiff's cause of action under the Unruh Act was premised upon a violation of the ADA. *Id*. He did not allege a cause of action under the ADA or seek relief under the ADA in his prayer for relief. *Id*.

Contending that defendant's removal was groundless, plaintiff sought his attorneys' fees in support of his motion to remand. Plaintiff cited *Wander* and argued that "state law's incorporation of the ADA does not create federal-question jurisdiction and asserted that '[t]he Ninth Circuit Court of Appeals cannot be any clearer on this point: Federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim.'" *Id.*

The *Fontano* court disagreed and declined to award plaintiff any fees or costs:

> "However, this issue is not as clear as Plaintiff suggests. In *Wander,* a plaintiff brought a claim for injunctive relief under the Americans with Disabilities Act and a claim for damages under the California Disabled Persons Act in federal court. *Wander,* 304 F.3d at 857. When plaintiff's claim for injunctive relief became moot, the court dismissed his state law claims for lack of subject matter jurisdiction, which plaintiff appealed. *Id.* at 857-58. The *Wander* court affirmed the district court's dismissal of plaintiff's state law claims, holding that "there is no federal-question jurisdiction over a lawsuit for *damages* brought under California's Disabled Person's Act, even though

    the California statute makes a violation of the federal Americans with Disabilities Act a violation of state law.

    …

    **Thus, the *Wander* court left open the question of whether a claim seeking *injunctive relief* under a state law incorporating the ADA would give rise to federal-question jurisdiction.**

    …

    Without any evidence that Plaintiff's claim for injunctive relief was moot at the time Defendant removed the case to federal court, it is at the very least arguable that this Court had federal-question jurisdiction over Plaintiff's section 51(f) claim."

*Id.* at *2 (emphasis added).

    Another district court in California, *Pickern v. Best Western Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128 (E.D. Cal. 2002), relied upon by the *Fontano* court, concluded that a complaint seeking **injunctive relief** under a state law statute incorporating the ADA would, in fact, give rise to federal-question jurisdiction. The *Pickern* court reasoned:

    "State law provides for injunctive relief as well as damages, *see* Cal. Civ. Code § 52.1(b), and it is possible for a state law claim for injunctive relief to be premised solely on a violation of the ADA.  Such a claim would be no different from a federal ADA claim.  **Federal question jurisdiction must exist in those circumstances.**  Simply by incorporating the ADA into state law, state legislatures cannot divest the federal courts of original jurisdiction over state claims that are, for all intents and purposes, federal ADA claims.  State claims for damages, on the other hand, are not identical to federal ADA claims for

injunctive relief.  **Thus, federal courts would have original jurisdiction over state claims for injunctive relief, and supplemental jurisdiction over state claims for damages**.

*Id*. at 1132 n.5.  The opinion in *Pickern* was cited with approval by the Ninth Circuit in *Wander*, *supra* at 860.

### C. Plaintiff Premises His Claims Exclusively Under the ADA.

In this case, federal question jurisdiction certainly exists.  Unlike *Wander*, Plaintiff seeks injunctive relief and her Unruh Act claim is based exclusively upon violations of the ADA.   Indeed, it is undisputed that Plaintiff seeks injunctive relief. (Dkt. 1-1 at ¶ 27).  In addition, Plaintiff's complaint expressly states that Defendant's website violates the ADA because it purportedly does not comply with version 2.0 of the Web Content Accessibility Guidelines ("WCAG 2.0").  (Docket 1-1 at ¶ 14).  The Unruh Act and the CBC do not contain any website accessibility standards and make no mention whatsoever of the WCAG 2.0.  Rather, Plaintiff contends that compliance with the WCAG 2.0 is required by the ADA because the Department of Justice has required compliance with WCAG 2.0 in several high–profile settlement agreements, the DOJ recently adopted WCAG 2.0 as the standard for federal government websites, and contains citations to numerous federal pleadings.  There are no similar rules in the CBC or under state law.  Therefore, Plaintiff's Unruh Act claim relies exclusively on alleged violations of the ADA.

Nowhere is this further confirmed by the briefs and motions Plaintiff files in his other state court cases.  Plaintiff knows that his case under state law fails as a matter of law because they cannot allege (or prove) that any of the dozens of businesses they sue *intentionally* discriminate against blind and/or visually impaired individuals.  Intentional discrimination is a required element of Plaintiff's Unruh Act claim.  *E.g. Koebke v. Bernardo Heights Country Club*, 36 Cal.4th 824, 853 (2005) (Unruh Act contemplates "willful, affirmative misconduct on the part of those who violate the Act" and that a plaintiff must therefore allege, and prove,

more than the disparate impact of a facially neutral policy); *Belton v. Comcast Cable Holdings, LLC*, 151 Cal.App.4th 1224 (2007) (Comcast's policy, which was neutral on its face, was not actionable despite the disproportionate impact on blind people, because the Unruh Act required willful, affirmative misconduct); *Greater Los Angeles Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414 (9th Cir. 2014) (Although hearing-impaired individuals bore the brunt of CNN's neutral policy of not captioning videos, the Ninth Circuit concluded that the disparate impact was insufficient to support an Unruh Act claim as a matter of law.); *Earll v. eBay, Inc.*, 2011 WL 3955485 (N.D. Cal. Sept. 7, 2011), *aff'd* 599 Fed. Appx. 695 (9th Cir. 2015) (allegations were either conclusory, and therefore, lacked the requisite factual support to make out a claim for intentional discrimination, or, even if true, did not imply that eBay was unwilling or unable to remedy the situation and therefore, Unruh Act claim failed as a matter of law); *Cullen v. Netflix, Inc.,* 880 F.Supp.2d 1017 (N.D. Cal. 2012) (holding plaintiff failed to state an Unruh Act claim by alleging that Netflix failed to "caption a meaningful amount of its streaming library" because such conduct was not "willful, affirmative misconduct"); *Young v. Facebook,* 790 F.Supp.2d 1110 (N.D. Cal. 2011) (holding that plaintiff failed to state an Unruh Act claim by alleging that Facebook's customer service system was difficult for her to use due to her bipolar disorder because Facebook's customer service system treated all users in the same cold, automated way).

      Plaintiff's recent filings in another ADA/Unruh act website case against San Diego County Credit Union make that point clear.  Plaintiff Martinez's trial brief makes clear that his entire claim is exclusively premised under the ADA.  (Hurley Decl. ¶ 4, Exh. A) (Plaintiff's trial brief).  The Court dismissed Plaintiff's action on the grounds that the ADA does not apply to websites.  (Hurley Decl. ¶ 5, Exh. B) (Order granting motion for nonsuit).

      Plaintiff should not be permitted to evade federal jurisdiction by claiming one thing in this Court and then abandoning that theory immediately upon remand.

Further, there can be no dispute that resolution of the injunctive relief portion of a claim that is premised upon the ADA is of substantial importance to the federal system. Congress specifically designed the ADA around the idea that access for persons with disabilities would be enhanced through resolution of access claims by private litigants in the federal courts. Federal policy is to effectuate improved access for persons with disabilities by permitting private litigants to resolve their claims in federal court where a plaintiff has alleged a violation of the ADA. In fact, Congress explicitly stated that one of the purposes in passing the ADA was "to ensure that the *Federal government plays a central role in enforcing the standards established in this act* on behalf of individuals with disabilities." 42 U.S.C. § 12101(b)(3) (emphasis added). It would run contrary to this expectation for the federal courts to cede enforcement of the ADA to the states.

The applicable law in ADA website cases is evolving quickly given the number of these cases being brought nationwide. For instance, there is a split evolving in the courts on whether the ADA, in its current form, applies to all commercial websites or just to the websites of parties who have brick and mortar locations. *Compare Earll v. eBay*, 599 Fed. Appx. 695 (9th Cir. 2015) (no ADA cause of action for alleged website inaccessibility against defendant with no physical location) *with National Federation for the Blind v. Scribd*, 2015 WL 1263336 (D. Vt. Mar. 19, 2015) (online-only business may be liable for ADA violation due to alleged inaccessibility of its website). Federal courts – not state – courts – should be responsible for developing ADA case law.

### D. At Minimum, The Court Should Order Plaintiff To Clarify That His Claims Are Not Premised Upon the ADA.

At the absolute minimum, the Court should order Plaintiff to clarify that he is not proceeding by premising his Unruh Act claim exclusively on the ADA – that is he is intending to prove that Defendant intentionally and willfully discriminated against Plaintiff. *See, e.g. Jackson v. Little Caesars Pizza*, Case No. CV 11-03643

GAF, *3 (C.D. Cal. June 14, 2011) (ordering Plaintiffs to file response detailing whether claims based on ADA or California law) (attached as Exhibit C to Hurley Decl.).

Plaintiff should be required to clarify the basis for his claim to ensure he does not attempt to change course in the event the Court remands the action to state court.

## IV.   CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that the Court retain jurisdiction over this action.

Dated:  September 19, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   /s/ Gregory F. Hurley
GREGORY F. HURLEY
Attorneys for Defendant,
GREATCOLLECTIONS.COM, LLC