# Exhibit B

F I L E D
Clerk of the Superior Court

NOV 19 2018

By: A. Wagoner

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO, NORTH COUNTY DIVISION**

| | |
|---|---|
| ABELARDO MARTINEZ, an individual, | Case No. 37-2017-00024673-CU-CR-NC |
| Plaintiff, | **SUA SPONTE ORDER GRANTING MOTION FOR NONSUIT** |
| v. | |
| SAN DIEGO COUNTY CREDIT UNION, a Delaware corporation; and DOES 1-10 inclusive, | |
| Defendants. | |

This matter came on for trial on for trial on November, 8, 2018. Scott J. Ferrell and Victoria C. Knowles of Pacific Trial Attorneys appeared for Plaintiff, ABELARDO MARTINEZ. Gregory F. Hurley, Michael J. Chilled, and Bradley J. Leimhuhler of Sheppard, Mullin, Richter and Hampton appeared for Defendant SAN DIEGO COUNTY CREDIT UNION.

The Court considered and ruled on motions in limine and preliminarily reviewed proposed special verdict forms and jury instructions. The Court also received the order of witnesses. Finally, the Court requested each side to submit a trial brief.

After receiving and reviewing the trial briefs of both sides, the Court advised the parties that it agreed with the Defense position in this case: the complaint failed to state facts sufficient to constitute a cause of action. The Court inquired if either side objected to the Court's sua sponte ruling at the outset of the case and both sides agreed, for purposes of the Court issuing this order, to waive picking a jury and making an opening statement. The Court noted it wished to save

Sua Sponte Order Granting Motion for Nonsuit

1   Plaintiff's counsel the expense of flying its expert witness from the East Coast, since the Court

2   planned on granting Defendant's motion for nonsuit. Without waiving their right to object to the

3   Court's ruling, both sides agreed to the aforementioned procedure. The Court's decision follows:

4       **A. <u>Plaintiff Fails To State A Cause Of Action.</u>**

5       As an initial matter, Defendant objected to the introduction of any evidence at trial, and does

6   not feel Plaintiff has stated facts sufficient to constitute a cause of action.  The Court agrees with

7   the defendant.  "An objection to the introduction of any evidence on the ground that a complaint

8   fails to state a cause of action is in the nature of a general demurrer to the complaint or a motion by

9   a defendant for judgment on the pleadings. [Citation.]"  *Baskin v. Hughes Realty, Inc.*, 25

10  Cal.App.5th 184, 207 (2018); *Clemens v. American Warranty Corp.*, 1983 Cal.App.3d 444, 451

11  (1987); "Thus, an objection to all the evidence is properly sustained when even if the plaintiff's

12  allegations were proved, they would not establish a cause of action." *Id.*

13      Generally, "[w]he[n] a party relies for recovery upon a purely statutory liability it is

14  indispensable that he plead facts demonstrating his right to recover under the statute.  The

15  complaint must plead every fact which is essential to the cause of action under the statute." *Green*

16  *v. Grimes-Stassforth S. Co.*, 39 Cal.App.2d 52, 56 (1940); *see also Lopez v. Southern Cal. Rapid*

17  *Transit Dist.*, 40 Cal.3d 780, 795 (1985); *Covenant Care, Inc. v. Superior Court*, 32 Cal.4th 771,

18  790 (2004).

19      Such an objection may be raised at any time prior to trial.  *Baskin v. Hughes Realty, Inc.*, 25

20  Cal.App.5th 184, 209-10 (2018) ("As Witkin explains, although certain objections to a complaint—

21  such as lack of certainty in the allegations—are waived by failure to assert a timely demurrer, the

22  principal defect ordinarily asserted by a general demurrer—namely, failure to state facts sufficient

23  to state a cause of action—is not so waived, and may properly be raised prior to trial."); 5 Witkin,

24  Cal. Procedure, *supra*, Pleading, §§ 952, 958-959, pp. 367-368, 372-373.

25      **B. <u>Plaintiff Premises His Unruh Act Claim On The ADA.</u>**

26      California Civil Code Section 51(f) provides that "a violation of the right of any individual

27  under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a

28  violation of this section."  In *Munson v. Del Taco, Inc.*, the California Supreme Court found that a

-2-

1  plaintiff who seeks damages under this section need not prove intentional discrimination in order to

2  prevail on his claim.  46 Cal. 661, 667 (2009).  To the extent Plaintiff is premising his claim on

3  anything but the Americans with Disabilities Act ("ADA"), he must prove that Defendant

4  intentionally discriminated against him.  *Id.* at 664; *Harris v. Capital Growth Investors XIV*, 52

5  Cal.3d 1142, 1175 (1991).  As explained in section II(F) below, Plaintiff's claims solely under the

6  Unruh Act fail as matter of Law.

7        As discussed below, a Plaintiff proceeding under the Unruh Act must demonstrate:  (1)

8  Plaintiff is a person with a physical disability; (2) Defendant is a private entity that owns, leases, or

9  operates a place of public accommodation; (3) Plaintiff approached Defendant with the intent of

10  utilizing its services in the manner in which those services are typically offered to the public; (4)

11  The place of public accommodation was in violation of an official accessibility standard in effect at

12  the time of construction, or; (5) Plaintiff requested the place of public accommodation effectively

13  communicate with him and Defendant refused; and (6) The violation was personally encountered

14  by Plaintiff; (7) The violation denied Plaintiff full and equal access to a physical place of public

15  accommodation; and (8) Plaintiff experienced difficulty, discomfort, or embarrassment because of

16  the violation.  Plaintiff must also demonstrate (9) [That a motivating reason for Defendant's conduct

17  was Plaintiff's physical disability] to the extent he intends to proceed independent of the ADA

18  (which he cannot as a matter of law as explained below).

19     **C. <u>Defendant's Website Is Not Subject To The ADA.</u>**

20        Plaintiff has indicated that he intends to proceed solely by proving that Defendant violated

21  the ADA.  The scope of the ADA is more limited than the Unruh Act.  Title III of the ADA

22  provides:

23      "No individual shall be discriminated against on the basis of disability in the
    full and equal enjoyment of goods, services, facilities, privileges, advantages,

24      or accommodations of any place of public accommodation by any person
    who owns, leases (or leases to), or operates a place of public

25      accommodation."

26

27  42 U.S.C. § 12182(a).  Title III defines the term "public accommodation" by listing twelve specific

28  categories of private businesses that are covered.  42 U.S.C. § 12181(7).  The implementing

-3-

1    regulations issued by the Department of Justice ("DOJ") combine these provisions and define the

2    term "public accommodation" to mean "a private entity that owns, leases (or leases to), or operates

3    a place of public accommodation," and then, in turn, define "place of public accommodation" to

4    mean "a facility, operated by a private entity, whose operations affect commerce and fall within at

5    least one of the" categories specifically listed in § 12181(7). 28 C.F.R. § 36.104 (definitions of

6    "public accommodation" and "place of accommodation").

7         Thus, to constitute a "place of public accommodation" under Title III and its implementing

8    regulations, a location must be (1) a facility that (2) falls within at least one of the twelve

9    specifically enumerated categories. 42 U.S. C. § 12181(7); 28 C.F.R. §36.104. Importantly, a

10   location must meet both of these requirements to be a place of public accommodation. *Id.*

11   Moreover, the list of specific categories of places contained in 42 U.S.C. § 12181(7) and 28 C.F.R.

12   § 36.104 is exclusive, meaning that a location that does not fall within any of the specific categories

13   is not a place of public accommodation for purposes of Title III. *Sapp v. MHI P'ship, Ltd.*, 199 F.

14   Supp. 2d 578, 584 (N.D. Tex. 2002); *Jankey v. Twentieth Century Fox Film Corp.*, 14 F. Supp. 2d

15   1174, 1178 (C.D. Cal. 1998).

16        The Third, Sixth, Ninth, and Eleventh Circuits have held that the term "public

17   accommodation" applies only to physical structures. *See Weyer v. Twentieth Century Fox Film*

18   *Corp.*, 198 F.3d 1104, 1115 (9th Cir. 2000); *Parker v. Metro Life Ins. Co.*, 121 F.3d 1006, 1010-11

19   (6th Cir. 1997); *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 612-13 (3d Cir. 1998); *Rendon v.*

20   *Valleycrest Prods., Ltd.*, 294 F.3d 1279, 1284 n.8 (11th Cir.2002).[1]

21        The only Circuit Court to address whether *websites* are subject to the ADA is the Ninth

22   Circuit. In *Earll v. eBay, Inc.*, 2011 WL 3955485 (N.D. Cal. Sept. 7, 2011), *aff'd* 599 Fed. Appx.

23   695 (9th Cir. 2015), the plaintiff alleged that ebay.com discriminated against deaf persons because

24   its aural identification system was inaccessible to deaf users. The Ninth Circuit found that the

25   plaintiff's ADA claim failed as a matter of law. It held:

26

27

28   
[1] The First, Second, and Seventh Circuits have held that the ADA is not limited to physical structures. *See Carparts Distrib. Ctr., Inc. v. Auto. Wholesaler's Ass'n. of New England, Inc.*, 37 F.3d 12, 19 (1st Cir. 1994); *Doe v.Mut. of Omaha Ins. Co.*, 179 F.3d 557, 559 (7th Cir. 1999); *Pallozzi v. Allstate Life Ins. Co.*, 198 F.3d 28, 32-33 (2d Cir. 1999).

-4-

1
2
3
4
5

"We have previously interpreted the term "place of public accommodation" to require "some connection between the good or service complained of and an actual physical place." *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000). Because eBay's services are not connected to any "actual, physical place[ ]," eBay is not subject to the ADA. *See id.* Therefore, in light of *Weyer*, Earll's ADA claim fails as a matter of law. *See id.*"

6   Recent caselaw has specifically held that a credit union's website is not subject to the

7   ADA. In *Carroll v. Northwest Fed. Credit Union*, 2018 WL 2933407, *2 (E.D. Va. Jan. 26,

8   2018), the Eastern District of Virginia held that:

9
10
11
12
13
14

Plaintiff's claim also fails because the [credit union's] website is not a place of public accommodation. Title III of the ADA prohibits discrimination in public accommodations based on disability. 42 U.S.C. § 12182(a). The statute provides for a list of entities that are considered public accommodations. 42 U.S.C. § 12181(7). Notably absent from the list is the term "website". Not only is "website" not found on the list, but the statute does not list anything that is not a brick and mortar "place". Over the years Congress has extensively amended the ADA; however, at no point did Congress choose to add websites as a public accommodation.

15
16
17
18
19

While the Fourth Circuit has not directly taken a position on this issue, it affirmed in an unpublished opinion that under Title II of the Civil Rights Act, "chat rooms and other online services do not constitute a place of public accommodation." *Noah v. AOL Time Warner Inc.*, 261 F. Supp. 2d 532, 540 (E.D. Va. 2003) (Ellis, J.), aff'd 2004 U.S. App. LEXIS 5495 (4th Cir. 2004). While Noah was concerned with Title II of the ADA, the Court finds that similar reasoning is persuasive as it pertains to Title III of the ADA—a website does not constitute a place of public accommodation.

20   *Id.*

21   The Court agrees with Defendant. Defendant's website is not subject to the ADA.

22   Therefore, Plaintiff's claim is dismissed as a matter of law.  Judgment is entered in favor of

23   the defendant.

24

25   Dated: 11/19/18

26
27

RONALD F. FRAZIER
Judge of the Superior Court

28