**PACIFIC TRIAL ATTORNEYS**
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
4100 Newport Place Drive, Suite 800
Newport Beach, CA 92660
Telephone: (949)706-6464
sferrell@pacifictrialattorneys.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABELARDO MARTINEZ, JR., an individual,<br><br>             Plaintiff,<br><br>       v.<br><br>GREATCOLLECTIONS.COM, LLC, a California limited liability company; and DOES 1-10, inclusive,<br><br>             Defendants. | Case No.  8:19-cv-01647-JLS-KES<br><br>**OBJECTIONS TO PORTIONS OF: (1) DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE RE: REMAND; AND (2) DECLARATION OF GREGORY F. HURLEY IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE RE: REMAND**<br><br>Date:  N/A<br>Time:  N/A<br>Ctrm:  10A |

Plaintiff objects to portions of Defendant's Response to Order to Show Cause RE: Remand ("Defendant's Response"), (Dkt. 11), and the Declaration of Gregory F. Hurley in Support of Response to Order to Show Cause Re: Remand filed on September 19, 2019, (Dkt. 11-1), and exhibits, (Dkt. 11-2) pursuant to Fed. R. Evid. 402 and 403, as follows.

First, Defendant's Response states, "Plaintiff Martinez's trial brief makes that his entire claim is exclusively premised under the ADA." (Def.'s Response at 8:22-23.) In support, Defendant cites to Plaintiff Martinez's trial brief in a state court action entitled, *Martinez v. San Diego County Credit Union*, No. 37-2017-00024673-CU-CR-NC (Cal. Super. Ct.), which is attached as Exhibit A to the Hurley Declaration. Defendant ignores that this Court is required by binding Ninth Circuit precedent to evaluate the propriety of the removal of the action merely by reviewing Plaintiff's **Complaint** as it existed at the time of removal. *See* The Rutter Group, *Federal Civil Procedure Before Trial* ¶ 2:2503 (2019) ("Removal jurisdiction based on a federal question is determined ***from the complaint*** as it existed at the time of removal.") (emphasis added) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979)). Defendant's attempt to persuade this Court to review instead trial briefs filed in unrelated actions in order to evaluate the nature of the claims at issue in the instant action is baseless and highly disingenuous.

In any event, the Trial Brief cited by Defendant does not state anywhere an intention to abandon the intentional discrimination theory of liability pled in the complaint in that particular action. Indeed, to the contrary, the Trial Brief at issue expressly points out:

> "Plaintiff also alleged that 'Defendant's actions constitute intentional discrimination against Plaintiff . . . .'"

(Hurley Decl. Ex. A at pg 18 of 22, lines 21-22; Dkt. 11-2.) Such Trial Brief affirmatively relied upon the existence of such intentional discrimination in order to seek punitive damages for the defendant's wrongful conduct in denying blind users including Plaintiff

Martinez equal access to its commercial website. Given the foregoing, how can Defendant sincerely argue that such Trial Brief abandoned or withdrew Plaintiff Martinez's intentional discrimination theory? Indeed, such Trial Brief elsewhere cited section 51(b) of the Civil Code, which is the Unruh Act's traditional statutory basis for the intentional discrimination theory of liability. (Hurley Decl. Ex. A at pg 10 of 22, lines 24-25.)

Second, Defendant's Response states, "The Court dismissed Plaintiff's action on the grounds that the ADA does not apply to websites." (Def.'s Response at 8:24-25.) In support, Defendant attached an order entitled, "Sua Sponte Order Granting Motion for Nonsuit," filed on November 19, 2018 in a state court action entitled, *Martinez v. San Diego County Credit Union*, No. 37-2017-00024673-CU-CR-NC (Cal. Super. Ct.), *appeal filed*, No. D075360 (Cal. Ct. App. Jan. 17, 2019), which is attached as Exhibit B to the Hurley Declaration. Defendant ignores that such trial court decision, provides no guidance at all as to California law. *See Neary v. Regents of Univ. of Cal.*, 3 Cal. 4th 273, 282 (1992) ("***[T]he Court of Appeal decision incorrectly suggests that a trial court judgment provides guidance to other courts and litigants. Not so***. '[T]rial courts make no binding precedents.'") (citation omitted). As such, it was erroneous of Defendant to cite to such legally irrelevant court filing to ascertain California law, which ruling is currently on appeal to the California Court of Appeal.[1]

To the extent that Defendant is relying upon such order not to ascertain California law, but merely to support its proposition that Plaintiff Martinez abandoned his intentional discrimination theory of liability on the eve of trial, nothing in such Order

---

[1] The trial court's ruling in *San Diego County Credit Union* will surely be reversed in light of the recently-published California appellate decisions, which confirm that: (i) website barriers to blind individuals are actionable under the ADA, *Thurston v. Midvale Corp.*, - Cal. App. 5th -, No. B291631, 2019 WL 4166620, at *5 (Cal. Ct. App. Sept. 3, 2019) ("We agree with the numerous courts which have found the definition of public accommodation clear and unambiguous, and ***encompassing more than a physical place***.") (emphasis added); and (ii) the Unruh Act applies to websites. *White v. Square, Inc.*, 7 Cal. 5th 1019, 446 P.3d 276, 280, 250 Cal. Rptr. 3d 770, 775 (Cal. 2019) ("The case before us involves a plaintiff who neither paid a fee nor requested equal treatment before leaving the ***business establishment*** – in this case, ***a website***, not a brick-and-mortar vendor.") (emphasis added).

supports Defendant's contention. Notably, the order referred to "Plaintiff's claims" "under the Unruh Act" in the plural tense, (Hurley Decl. Ex. B at pg. 4 of 6, lines 5-6), which implies that the court recognized that Plaintiff Martinez was proceeding under multiple theories of liability (*i.e.*, not just under section 51(f) of the Civil Code). In addition, the trial court in that case noted that the Defendant's intent was an element of an Unruh Act claim "to the extent he intends to proceed independent of the ADA". (Hurley Decl. Ex. B at pg. 4 of 6, lines 16-18.) If the trial court believed that Plaintiff Martinez had just abandoned his intentional discrimination theory of liability, surely the trial court's order would have reflected this development in that case. Its omission from that ruling speaks volumes.

Based upon the foregoing, Plaintiff submits that the foregoing arguments within Defendant's Response and portions of the Hurley Declaration and supporting exhibits should be stricken for lack of relevance under Fed. R. Evid. 402 and because the probative value is substantially outweighed by the risks of unfair prejudice, confusion of the issues, or waste of time under Fed. R. Evid. 403.

Dated:  September 20, 2019            PACIFIC TRIAL ATTORNEYS, P.C.

By: */s/ Scott J. Ferrell*
Scott J. Ferrell
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2019, I electronically filed the foregoing **OBJECTIONS TO PORTIONS OF: (1) DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE RE: REMAND; AND (2) DECLARATION OF GREGORY F. HURLEY IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE RE: REMAND** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Scott J. Ferrell*
Scott J. Ferrell

- 4 -
CERTIFICATE OF SERVICE