UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:19-cv-01647-JLS-KES                    Date: September 27, 2019
Title: Abelardo Martinez, Jr. v. Greatcollections.com, LLC et al.

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                             Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER REMANDING ACTION TO ORANGE COUNTY SUPERIOR COURT**

Defendant Greatcollections.com, LLC removed the instant action to this Court on August 26, 2019. (Notice of Removal, Doc. 1.) The Notice of Removal asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331 and therefore removability pursuant to 28 U.S.C. §§ 1441(a), 1443. (*Id.* ¶ 3.) Although Plaintiff pleads only a state-law cause of action—violation of California's Unruh Act, Cal. Civ. Code § 51 *et seq.*—Defendant asserts that such claim necessarily raises a federal question because Plaintiff's Unruh Act claim appears predicated on an underlying violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182 *et seq.* (*Id.* ¶ 4.) On September 5, 2019, noting that numerous courts in the Ninth Circuit have rejected removal in similar circumstances, the Court ordered the parties to show cause why this action should not be remanded to state court. (OSC, Doc. 9 (collecting cases).) The parties timely responded. (Pltf's Resp., Doc. 10; Dfdt's Resp., Doc. 11.) Having considered the parties' responses,[1] for the reasons given below, the Court REMANDS the action to Orange County Superior Court, Case No. 30-2019-01086292-CU-CR-CJC.

"When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996). In the present context, a predicate ADA violation may serve as one avenue for liability under the Unruh Act, but alternate avenues to Unruh Act liability exist as well; the Unruh Act wholly incorporates

---

[1] The Court does not consider Plaintiff's unauthorized reply brief, styled as an "objection" to Defendant's submission. (Pltf's Obj., Doc. 12.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-01647-JLS-KES                                        Date: September 27, 2019
Title: Abelardo Martinez, Jr. v. Greatcollections.com, LLC et al.

the ADA alongside *independent* proscriptions on other discriminatory conduct. *See generally* Cal. Civ. Code § 51. Therefore, where a plaintiff pursues a non-ADA theory of liability—even he pursues a concurrent theory premised on an ADA violation—no federal question is a *necessary* element of his Unruh Act claim, and federal jurisdiction does not attach. *See Rios v. New York & Co., Inc.*, No.17-CV-04676-ODW-AGR, 2017 WL 3575220, at *2 (C.D. Cal. Aug. 17, 2017); *Bell v. Retail Servs. & Sys., Inc.*, No. 18-CV-02825-PJH, 2018 WL 3455811, at *2 (N.D. Cal. July 18, 2018).

     Plaintiff argues that his Complaint states a non-ADA theory of liability: *to wit,* that Defendant's conduct amounts to *intentional* discrimination, and remand is therefore required. (Pltf's Resp. at 3-8; Complaint, Doc. 1-1 ¶ 24.) Defendant does not contest that "a violation of the Unruh Act may be maintained independent of an ADA claim where a plaintiff pleads intentional discrimination in public accommodations in violation of the terms of the [Unruh] Act." *Earll v. eBay, Inc.*, No. 5:11-CV-00262-JF-HRL, 2011 WL 3955485, at *3 (N.D. Cal. Sept. 7, 2011) (internal quotation marks omitted). Rather, Defendant insists remand is inappropriate because (1) Plaintiff has a proclivity for abandoning his non-ADA theories once his Unruh Act claim is remanded, as demonstrated by his litigation strategy in similar cases, and (2) to the extent he does not abandon it, Plaintiff is unlikely to prevail on the merits of his non-ADA theory, leaving him with only the ADA-predicated theory. (Dfdt's Resp. at 7-9.) Neither of these arguments is persuasive.

     First, considering the strong presumption against removal jurisdiction, the Court sees no issue with Plaintiff strategically avoiding federal jurisdiction where he is otherwise entitled to do so. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).[2] Indeed, "the plaintiff is 'the master of his complaint' and may 'avoid federal jurisdiction by relying exclusively on state law.'" *Id.* (quoting *Balcorta v. Twentieth Century–Fox Film Corp.,* 208 F.3d 1102, 1106 (9th Cir. 2000)). Moreover, because "the well-pleaded complaint rule provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint," the Court will not speculate about developments that may alter the jurisdictional analysis down the

---

[2] Under the "artful pleading doctrine," however, a plaintiff is not entitled to avoid federal jurisdiction simply "by omitting to plead necessary federal questions in a complaint." *JustMed, Inc. v. Byce*, 600 F.3d 1118, 1124 (9th Cir. 2010) (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-01647-JLS-KES                                    Date: September 27, 2019
Title: Abelardo Martinez, Jr. v. Greatcollections.com, LLC et al.

road.  *Id.* (internal quotation marks omitted).  In sum, [t]hese frivolous allegations [regarding forum shopping] are inappropriate in the instant [matter] and do nothing to convince the Court or bolster Defendant's contention that there is a basis to find federal question jurisdiction."  *Rios*, 2017 WL 3449052, at *4. (opining on the removing defendant's invocation of the plaintiff's litigation strategy in similar suits).

Second, regarding the viability of Plaintiff's non-ADA theory, Defendant begs the question; the Court cannot consider the merits of a claim for which it has not otherwise established jurisdiction.  Whether Plaintiff's non-ADA theory is viable as a matter of state law is a question for the state court.

Accordingly, the action is REMANDED to Orange County Superior Court, Case No. 30-2019-01086292-CU-CR-CJC.

Initials of Preparer:  tg